## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

vs.

PAIGE MATHISON,

Defendant.

No. CR 12-4083-MWB-4

**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S MOTION IN LIMINE**

---

In this case, defendant Paige Mathison is charged, with various co-defendants, with four offenses that arise from her alleged participation in the robbery of a convenience store in Sioux City, Iowa, on July 13, 2012, during which she allegedly served as a lookout and getaway driver. Those charges are the following: In **Count 4**, "conspiracy to commit a robbery interfering with commerce," a Hobbs Act offense, in violation of 18 U.S.C. § 1951; in **Count 5**, "aiding and abetting a robbery interfering with commerce," another Hobbs Act offense, in violation of 18 U.S.C. §§ 2 and 1951; in **Count 6**, "possession of a firearm in furtherance of a robbery" and "aiding and abetting" that offense, in violation of 18 U.S.C. §§ 2, 921(a)(6), 924(c)(1)(A)(ii) and (B)(l); and in **Count 7**, "receiving or possessing an unregistered firearm" and "aiding and abetting" that offense, in violation of 18 U.S.C. § 2 and 26 U.S.C. §§ 5841, 5845(a)(1) and (2), 5861(d), and 5871.[1] This case is set for jury trial beginning June 17, 2013.

---

[1] These counts will be renumbered 1-4 for purposes of trial. Although **Count 5** charged Mathison as both a principal and an aider and abettor, the prosecution has indicated it will assert only the aiding and abetting alternative for this count at trial.

This case is now before me on defendant Paige Mathison's June 3, 2013, Motion In Limine (docket no. 298). In that motion, Paige Mathison seeks to exclude evidence of a robbery committed by some of her co-defendants three days prior to the robbery at issue in this case. She contends that admission of the evidence would violate Rules 403 and 404(b) of the Federal Rules of Evidence, because she was not involved in the prior robbery and, consequently, the robbery sheds no light on her conduct in the charged offenses and is unfairly prejudicial, because it permits an assumption of guilt by association, even if there are similarities between the two robberies. She also contends that the jurors could be confused about which robbery is at issue in this case.

In its Resistance (docket no. 300), filed June 5, 2013, the prosecution argues that, while Paige Mathison apparently was not involved in the prior robbery by her confederates, the evidence at trial will show that she knew about it. The prosecution argues that her knowledge of the prior robbery makes it more probable that she understood the conversations about committing the charged robbery; voluntarily and intentionally joined in a conspiracy to commit the charged robbery; and knew that the purpose of the charged conspiracy was to commit a robbery. Thus, the prosecution argues that the evidence is relevant, indeed, "elemental." The prosecution also argues that there is no unfair prejudice from this evidence, because the evidence will show that Mathison knew about the prior robbery, even if she did not commit it, and that there is no real likelihood of confusion about which robbery is at issue in this case in light of instructions about the offenses with which Mathison is charged and a reminder that she is on trial only for the charged offenses, not for anything else. The prosecution also contends that there is no real likelihood that the facts of the two robberies will "run together" for the jurors, because the evidence of the prior robbery will not be explored in nearly the degree that the evidence of the charged robbery will be.

Rule 401 of the Federal Rules of Evidence defines relevant evidence as evidence that "(a) . . . has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Rule 402 provides that relevant evidence is generally admissible, but irrelevant evidence is not. Rule 403 provides for exclusion of even relevant evidence on various grounds, as follows:

> The court may exclude relevant evidence if its probabtive value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

FED. R. EVID. 403. As the Eighth Circuit Court of Appeals recently explained,

> [U]nder Rule 403, the [challenged evidence's] probative value must be *substantially* outweighed by *unfair* prejudice. "Evidence is not unfairly prejudicial because it tends to prove guilt, but because it tends to encourage the jury to find guilt from improper reasoning. Whether there was unfair prejudice depends on whether there was an undue tendency to suggest decision on an improper basis." *United States v. Farrington*, 499 F.3d 854, 859 (8th Cir. 2007) (quotations omitted).

*United States v. Muhlenbruch*, 634 F.3d 987, 1001 (8th Cir. 2011) (emphasis in the original); *United States v. Myers*, 503 F.3d 676, 681 (8th Cir. 2007) ("Rule 403 'does not offer protection against evidence that is merely prejudicial in the sense of being detrimental to a party's case. The rule protects against evidence that is unfairly prejudicial, that is, if it tends to suggest decision on an improper basis.'" (quoting *Wade v. Haynes*, 663 F.2d 778, 783 (8th Cir. 1981), *aff'd sub nom. Smith v. Wade*, 461 U.S. 30, 103 S. Ct. 1625, 75 L. Ed. 2d 632 (1983)).

The Advisory Committee Notes to Rule 403 explain that a decision on an "improper basis" is "commonly, though not necessarily, an emotional one." FED. R.

EVID. 403, Advisory Committee Notes; *see also United States v. Jiminez*, 487 F.3d 1140, 1145 (8th Cir. 2007) (quoting this note); *United States v. Dierling*, 131 F.3d 722, 730-31 (8th Cir. 1997) (considering whether evidence was unfairly prejudicial, because it might lead to a decision on an improper basis, where it purportedly had no connection to the charged offense and revealed grisly or violent behavior that made the defendant appear "dangerous"). Unfairly prejudicial evidence has also been described as evidence that is "'so inflammatory on [its] face as to divert the jury's attention from the material issues in the trial.'" *United States v. Adams*, 401 F.3d 886, 900 (8th Cir. 2005) (quoting *United States v. Shoffner*, 71 F.3d 1429, 1433 (8th Cir. 1995)). "Under Rule 403, district courts have broad discretion to assess unfair prejudice, and are reversed only for an abuse of discretion." *Myers*, 503 F.3d at 681 (citing *United States v. Henderson*, 416 F.3d 686, 693 (8th Cir. 2005), *cert. denied*, 546 U.S. 1175, 126 S. Ct. 1343, 164 L. Ed. 2d 57 (2006)); *accord Muhlenbruch*, 634 F.3d at 1001 ("We review the district court's decision not to exclude evidence under Rule 403 for an abuse of discretion.").

Where evidence may otherwise be inadmissible pursuant to Rule 403, the Eighth Circuit Court of Appeals and the Federal Rules of Evidence recognize that a limiting instruction on the proper uses of certain evidence may mitigate potential prejudice from such evidence and allow it to be admitted. *See, e.g, United States v. Cowling*, 648 F.3d 690, 699 (8th Cir. 2011) ("Moreover, the risk of unfair prejudice was reduced by a cautionary instruction to the jury, given when the evidence was first admitted."); *United States v. Young*, 644 F.3d 757, 761 (8th Cir. 2011) (concluding that the district court did not abuse its discretion in admitting evidence for the limited purpose set forth in its instruction); *United States v. Walker*, 470 F.3d 1271, 1275 (8th Cir. 2006) ("[A] limiting instruction [concerning proper use of evidence of a prior conviction] diminishes the danger of unfair prejudice arising from the admission of the evidence."); *see also*

FED. R. EVID. 105 (requiring a limiting instruction when the court admits evidence for a limited purpose). The court has also recognized that limiting the amount of evidence, while excluding evidence that might prejudicially divert the jury's attention from the issues in the case, also mitigates any potential for unfair prejudice. *See United States v. Lemon*, 239 F.3d 968, 972 (8th Cir. 2001) (holding that, where the district court admitted a limited amount of gang-related evidence that was relevant to the defendant's "mere presence" defense, but excluded evidence of his drive-by shooting conviction, which might have prejudicially diverted the jury's attention from the constructive possession issues central to the case, the district court had not abused its discretion in admitting the limited gang-related evidence).[2]

---

[2] Mathison also based her Motion In Limine on Rule 404(b) of the Federal Rules of Evidence. Rule 404(b) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," FED. R. EVID. 404(b)(1), but "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." FED. R. EVID. 404(b)(2). The Eighth Circuit Court of Appeals has interpreted this rule to permit the admission of evidence of prior acts "if it is '(1) relevant to a material issue; (2) proved by a preponderance of the evidence; (3) higher in probative value than in prejudicial effect; and (4) similar in kind and close in time to [the event at issue].'" *Bair v. Callahan*, 664 F.3d 1225, 1228-29 (8th Cir. 2012) (quoting *Batiste–Davis v. Lincare, Inc.*, 526 F.3d 377, 380 (8th Cir. 2008)). I doubt that Rule 404(b) is relevant here, where the prior "bad acts" are not acts of the defendant, but acts of co-defendants that do not appear to be attributable to the defendant, even on the basis of co-conspirator liability. Moreover, the balancing of probative value against prejudicial effect pursuant to this rule is the same as the balancing of these factors pursuant to Rule 403. *See Batiste-Davis*, 526 F.3d at 380 (noting that the third requirement under Rule 404(b), "whether the probative value exceeds the unfair prejudice," is "an analysis equivalent to that in Rule 403"). I find that the admissibility of the challenged evidence here turns on this balancing of probative value against prejudice, whether the balancing is pursuant to Rule 403 or Rule 404(b).

Considering the "probative value" side of the scales under Rule 403, *Muhlenbruch*, 634 F.3d at 1001, it is clear that *evidence that Mathison knew of the prior robbery by her confederates* has considerable probative value, because, as the prosecution argues, such knowledge makes it more probable that she understood the conversations about committing the charged robbery; voluntarily and intentionally joined in a conspiracy to commit the charged robbery; and knew that the purpose of the charged conspiracy was to commit a robbery. *See* FED. R. EVID. 401 (defining relevant evidence as evidence that has a tendency to make a fact of consequence in the action more or less probable). As to the "prejudice" side of the scale, this evidence is not *unfairly* prejudicial, simply because it is detrimental to Mathison's contention that she did not conspire to commit the charged robbery or knowingly participate in it. *See Myers*, 503 F.3d at 681. Nor do I believe that it invites a decision on an improper basis, such as guilt by association, so that it must be excluded. *See id.* (explaining that evidence is "unfairly prejudicial" if it tends to suggest a decision on an improper basis). Evidence that Mathison knew of a prior robbery by her confederates—not by her—is not so emotionally charged or so inflammatory as to warrant exclusion. *See* FED. R. EVID. 403, Advisory Committee Notes (explaining that a decision on an "improper basis" is often, though not necessarily, an emotional one); *Adams*, 401 F.3d at 900 (evidence is unfairly prejudicial if it is so inflammatory on its face as to divert the jury's attention from material issues); *Dierling*, 131 F.3d at 730-31 (evidence of prior "bad acts" by the defendant might be excluded under Rule 403 as unfairly prejudicial, if they revealed grisly or violent behavior by the defendant).

Moreover, to the extent that such evidence might carry a hint of unfair prejudice, such a hint will be ameliorated or completely eliminated in this case by proper instructions that limit the attention of the jury to the facts and elements of the charged offenses. *See, e.g., Cowling*, 648 F.3d at 699 (explaining that prejudice may be

mitigated by a limiting instruction). As I always do, I will remind the jurors that only Mathison, and not anyone else, is on trial and that Mathison is on trial only for the charges against her, and not for anything else.

Similarly, any hint of unfair prejudice can be ameliorated or eliminated here by reasonable limitations on the extent and nature of the evidence of the prior robbery that I will allow to be presented. *See Lemon*, 239 F.3d at 972 (concluding that prejudice was mitigated by limitations on the evidence and exclusion of evidence most likely to divert the jury's attention). Specifically, what is most probative, and least likely to be unfairly prejudicial, is evidence that Mathison knew that her confederates had engaged in a robbery of another convenience store just three days before the charged robbery. Although the more information about the prior robbery Mathison knew, the more likely it is that she understood the conversations about committing the charged robbery, voluntarily and intentionally joined in a conspiracy to commit the charged robbery, and knew that the purpose of the charged conspiracy was to commit a robbery, the returns are diminishing as they are weighed against the potential for prejudice of changing the focus from the charged conspiracy and robbery to the prior robbery. Any details about the prior robbery that Mathison did *not* know clearly suggest only guilt by association, rather than guilty knowledge and culpable action on her part.

The prosecution has represented that it will limit the evidence of the prior robbery to demonstration of Mathison's knowledge of it, without exploring that prior robbery in excessive detail. If Mathison believes that the reasonable limits of the evidence have been passed, she can object at trial, and I will not hesitate to intervene if I believe that the prosecution is exploring the prior robbery to such an extent that it is diverting the jurors' attention from matters properly at issue in this case.

THEREFORE, defendant Paige Mathison's June 3, 2013, Motion In Limine (docket no. 298) is **denied**, but without prejudice to timely objections to the introduction of excessive evidence of the prior robbery at trial.

**IT IS SO ORDERED**.

**DATED** this 12th day of June, 2013.

MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA