# United States District Court

## NORTHERN DISTRICT OF IOWA

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | |

| **CHRISTOPHER BAILEY** | Case Number: | **CR 12-4083-2-MWB** |
|---|---|---|
| | USM Number: | **12307-029** |

Joshua Weir
Defendant's Attorney

## THE DEFENDANT:

■ pleaded guilty to count(s)  **1, 2, 3, 4, 5, 6, and 7 of Superseding Indictment filed on December 19, 2012**

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1951 | **Conspiracy to Commit Robbery** | 09/17/2012 | 1 |
| 18 U.S.C. § 924(c)(1)(B) | **Possession of a Firearm in Furtherance of a Crime of Violence** | 06/19/2012 | 2 |
| 26 U.S.C. § 5845(a), 5861(d) and 5871 | **Possession of a Short-Barreled Rifle** | 06/19/2012 | 3 |
| 18 U.S.C. § 1951 | **Conspiracy to Commit Robbery** | 09/17/2012 | 4 |
| 18 U.S.C. § 1951 | **Robbery** | 07/13/2012 | 5 |

The defendant is sentenced as provided in pages 2 through ___7___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Counts _____ is/are dismissed on the motion of the United States.

IT IS ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material change in economic circumstances.

**October 11, 2013**
Date of Imposition of Judgment

_Signature_
Signature of Judicial Officer

**Mark W. Bennett**
**U.S. District Court Judge**
Name and Title of Judicial Officer

_10.15.13_
Date

DEFENDANT:      **CHRISTOPHER BAILEY**
CASE NUMBER:      **CR 12-4083-2-MWB**

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 924(c)(1)(C) and 18 U.S.C. § 2 | Possession of a Firearm in Furtherance of a Crime of Violence | 07/13/2012 | 6 |
| 26 U.S.C. § 5845(a), 5861(d) and 5871 | Possession of a Short-Barreled Shotgun | 07/13/2012 | 7 |

DEFENDANT:        **CHRISTOPHER BAILEY**
CASE NUMBER:      **CR 12-4083-2-MWB**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **312 months.  This term consists of 12 months on each of Counts 1, 2, 3, 4, 5 and 7, to be served concurrently; and 300 months on Count 6 of the Superseding Indictment, to be served consecutively to all other counts**.

■   The court makes the following recommendations to the Bureau of Prisons:
    **The defendant be designated to the FCI in Greenville, Illinois.**

    **The defendant participate in the Bureau of Prisons' 500-Hour Comprehensive Residential Drug Abuse Treatment Program or an alternate substance abuse treatment program.**

■   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

    ☐   at _____ ☐ a.m.  ☐ p.m.  on _____ .

    ☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐   before 2 p.m. on _____ .

    ☐   as notified by the United States Marshal.

    ☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

    Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

                                        _____
                                                    UNITED STATES MARSHAL

                                        By _____
                                                    DEPUTY UNITED STATES MARSHAL

DEFENDANT: **CHRISTOPHER BAILEY**
CASE NUMBER: **CR 12-4083-2-MWB**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **5 years. This term consists of 3 years on each of Counts 1, 3, 4, 5, and 7 and 5 years on Counts 2 and 6 of the Superseding Indictment, to be served concurrently.**.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

    The defendant shall not commit another federal, state, or local crime.

    The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

■    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

■    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:          **CHRISTOPHER BAILEY**
CASE NUMBER:        **CR 12-4083-2-MWB**

## SPECIAL CONDITIONS OF SUPERVISION

*The defendant must comply with the following special conditions as ordered by the Court and implemented by the U.S. Probation Office:*

1.  **The defendant must participate in and successfully complete a program of testing and treatment for substance abuse.**

2.  **The defendant must participate in a mental health evaluation and/or treatment program. He must take all medications prescribed to him by a licensed psychiatrist or physician.**

3.  **The defendant is prohibited from the use of alcohol and is prohibited from entering bars, taverns, or other establishments whose primary source of income is derived from the sale of alcohol.**

4.  **If not employed at a regular lawful occupation, as deemed appropriate by the probation office, he shall participate in employment workshops and report, as directed, to the U.S. Probation Office to provide verification of daily job search results or other employment related activities. In the event he fails to secure employment, participate in the employment workshops or provide verification of daily job search results, he may be required to perform up to 20 hours of community service per week until employed.**

5.  **The defendant will submit to a search of his person, residence, adjacent structures, office or vehicle, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; he shall warn any other residents that the residence or vehicle may be subject to searches pursuant to this condition. This condition may be invoked with or without the assistance of law enforcement, including the U.S. Marshals Service.**

Upon a finding of a violation of supervision, I understand the Court may: (1) revoke supervision; (2) extend the term of supervision; and/or (3) modify the condition of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.


_____          _____
Defendant                                 Date


_____          _____
U.S. Probation Officer/Designated Witness  Date

DEFENDANT:      **CHRISTOPHER BAILEY**
CASE NUMBER:      **CR 12-4083-2-MWB**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | **$ 700** | **$ 0** | **$ 9,600** |

☐   The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **Sarge's Mini-Mart** | | $600 | 1 |
| **Northeast Nebraska Insurance** | | $9,000 | 1 |

| | | | |
|---|---|---|---|
| **TOTALS** | $ _____ | $ **$9,600** | |

☐   Restitution amount ordered pursuant to plea agreement   $ _____

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

■   The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

     ■   the interest requirement is waived for the   ☐   fine   ■   restitution.

     ☐   the interest requirement for the   ☐   fine   ☐   restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:      **CHRISTOPHER BAILEY**
CASE NUMBER:     **CR 12-4083-2-MWB**

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A   ■   Lump sum payment of $   **700**   due immediately, balance due

      □   not later than                , or
      ■   in accordance with    □ C,   □ D,   □ E,   or   ■ F below; or

B   □   Payment to begin immediately (may be combined with    □ C,     □ D, or    □ F below); or

C   □   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D   □   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E   □   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   ■   Special instructions regarding the payment of criminal monetary penalties:

      **While incarcerated, he shall make monthly payments in accordance with the Bureau of Prison's Financial Responsibility Program. The amount of the monthly payments shall not exceed 50% of the funds available to him through institution or non-institution (community) resources and shall be at least $25 per quarter. If he still owes any portion of his financial obligations in this case at the time of his release from imprisonment, he shall pay it as a condition of supervision and the U.S. Probation Officer shall pursue collection of the amount due, and shall request the Court to establish a payment schedule if appropriate. He shall also notify the United States Attorney within 30 days of any change of mailing or residence address that occurs while any portion of his financial obligations in this case remain unpaid.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

■   Joint and Several

      Defendant and Codefendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

      **Restitution obligation of $600 payable to Sarge's Mini-Mart shall be joint and several with the following codefendants in Case No. CR 12-4083: David Johnson, Paige Mathison and Joshua Fields; and his restitution obligation of $9,000 payable to Northeast Nebraska Insurance shall be joint and several with codefendants in Case No. CR 12-4083: Joshua Fields, David Johnson, Rudy Johnson, Terrence Miles and Austin Peters.**

□   The defendant shall pay the cost of prosecution.

□   The defendant shall pay the following court cost(s):

□   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.